United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN WAI WU, | No. C-11-01323-DMR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| MT HAWLEY INSURANCE, *et al.*, | |
| Defendants. | |
| _____/ | |

Plaintiff Kin Wai Wu ("Plaintiff") moves the court to remand this action to California state court. Defendant Talbot Insurance & Financial Services ("Talbot") cross-moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint against Talbot for failing to state a claim upon which relief may be granted. For the reasons stated below, the court denies Plaintiff's motion for remand and grants Talbot's Motion to Dismiss with leave to amend.

**I. Background and Procedural History**

On February 25, 2011 Plaintiff, a resident of California proceeding *pro se*, brought suit in California state court against Mt. Hawley Insurance ("Mt. Hawley"), an Illinois insurance carrier; Paul Sirkin Insurance ("Sirkin"),[1] a California entity selling Mt. Hawley insurance policies; and

---

[1] Plaintiff and Sirkin filed a stipulation of dismissal of Plaintiff's claims against Sirkin on July 14, 2011. [Docket No. 41.]

Talbot (together with Mt. Hawley and Sirkin, "Defendants"), a California entity selling Mt. Hawley insurance policies. (Compl. ¶¶ 1-4; Pl.'s Mot. Remand 3.) In his complaint, Plaintiff asserts that he was insured under Mt. Hawley policy number MGL0144294 ("Policy") and that Mt. Hawley improperly denied him coverage -- specifically, the benefits of defense and indemnity -- in a negligence and fraud suit previously brought against him. (Compl. ¶¶ 10-12.) He now demands damages based on state law claims against Defendants for a breach of contract and breach of covenant of good faith and fair dealing. (Compl. ¶¶ 14-21.) He also seeks "a judicial determination of his rights and duties and a declaration as to whether [his] interpretation as to the existence and scope of coverage under [the Policy] . . . is correct, and that he should have received the benefit of defense and indemnity" in the aforementioned action. (Compl. ¶ 12.) On March 18, 2011, Mt. Hawley removed this action to Federal court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). [*See* Docket No. 1.]

## II. Plaintiff's Motion to Remand

Plaintiff contends that the court should remand this case to California state court because Talbot's California citizenship destroys the diversity jurisdiction upon which this Court's subject matter jurisdiction is based. (Pl.'s Mot. Remand 6.) The court disagrees.

**A. Removal Jurisdiction**

Courts must strictly construe removal statutes "so as to limit, not expand, federal jurisdiction." *Or. Bureau of Labor and Indus. v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002) (footnote omitted); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). In fact, if there exists any doubt about the propriety of removal "in the first instance," a court must reject Federal jurisdiction. *Gaus*, 980 F.2d at 566 (citation omitted); *accord* 28 U.S.C. § 1447(c).

A party to a civil state law action may remove the case to Federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a) (allowing removal of cases over which Federal courts have original jurisdiction); *see* U.S. Const. art. III, § 2, cl. 1 (vesting original jurisdiction over "Citizens of different States" in Federal courts); *see also* 28 U.S.C. § 1332(a) (codifying breadth of diversity jurisdiction). When a party challenges diversity jurisdiction over a case, a court must

2

examine the citizenship of the parties in the complaint. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)). The citizenship of a "sham" or "nominal" party in the complaint will not defeat diversity jurisdiction and prevent removal. *Id.* at 1132 (citations omitted).

A court will deem a party nominal or a sham if it finds that the plaintiff fraudulently joined that party in the complaint. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). To prove fraudulent joinder, the removing party must demonstrate that "'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *accord Good*, 5 F. Supp. 2d at 807. When performing this evaluation, the court "must resolve all disputed questions of fact in favor of the Plaintiff." *Good*, 5 F. Supp. 2d at 807 (citation omitted).[2]

**B. Analysis**

Plaintiff's complaint fails to state a cause of action against Talbot, which renders Talbot a fraudulently joined party. Under California law, a claim for breach of contract must allege "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968) (citations omitted); *accord McDonald v. John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104 (1989) (citation omitted). In this case, Plaintiff has failed to allege factors (1) through (3) against Talbot and, consequently, has not set forth a viable breach of contract claim. A breach of covenant of good faith and fair dealing claim requires "the existence of a contractual relationship between the parties" to proceed. *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990) (citations omitted); *see Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 575 (1973). Because Plaintiff has made no assertion of a contract between Talbot and himself, he has failed to state a claim for this

---

[2] The court notes that the test for fraudulent joinder parallels that for a Rule 12(b)(6) analysis. *Compare Good*, 5 F. Supp. 2d at 807, *with C.R. ex rel. Reilly v. Boy Scouts of Am., Troop 223*, 280 F. App'x 669, 669 (9th Cir. 2008).

cause of action as well.  Finally, Plaintiff's claim for declaratory relief against Talbot, premised on California Code of Civil Procedure § 1060, lacks facts sufficient to render the claim viable.  That section states in relevant part that:

> [a]ny person interested under . . . under a contract, or who desires a declaration of his or her rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the . . . contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties.

*Id.*  In the present matter, Plaintiff makes no assertion that Talbot is party to the Policy and proffers no facts that would indicate that there exists an actual controversy between Talbot and himself. "'[D]eclaratory relief is not available unless there is a real dispute between parties, involving justiciable questions relating to their rights and obligations.'" *BSD, Inc. v. Equilon Enters. LLC*, No. 10-5223 SBA, 2011 WL 1295984, at *4 (N.D. Cal. Apr. 1, 2011) (quoting *Taxpayers for Improving Pub. Safety v. Schwarzenegger*, 172 Cal. App. 4th 749, 768 (2009)); *see Oppenheimer v. Gen. Cable Corp.*, 143 Cal. App. 2d 293, 297 (1956).

Because Plaintiff has stated no cause of action against Talbot, the court finds that he fraudulently joined Talbot in his complaint.  The court therefore will not consider Talbot's citizenship to determine whether the Court may exercise diversity jurisdiction over the case. *Strotek Corp.*, 300 F.3d at 1132 (citations omitted).  Because the two remaining parties, Plaintiff and Mt. Hawley, are citizens of different states, the court finds that it has diversity-based subject matter jurisdiction over the case and that Mt. Hawley properly removed the case to Federal court. Plaintiff's Motion to Remand is denied.

### III. Defendant Talbot's Motion to Dismiss

Talbot claims that the court should dismiss Plaintiff's claims against it because Plaintiff "fails to allege any facts that support a valid claim upon which relief may be granted against [it]." (Talbot Mot. Dismiss 3.)  The court, and even Plaintiff (Pl.'s Conditional Non-Opp'n to Def. Talbot's Mot. Dismiss 1), agrees.  As discussed *supra*, Plaintiff has failed to state a cause of action against Talbot in his complaint.  The court therefore grants Talbot's Motion to Dismiss.

Because Plaintiff drafted his initial complaint *pro se*, and it is not clear that amending his complaint would prove futile, the court also grants Plaintiff leave to amend his complaint. Fed. R. Civ. P. 15(2) (noting that "[t]he court should freely give leave when justice so requires" to amend complaint).

### IV. Conclusion

For the reasons stated above, the court hereby ORDERS that Plaintiff's Motion to Remand is DENIED; it further ORDERS that Defendant Talbot's Motion to Dismiss is GRANTED; and it GRANTS Plaintiff leave to amend its complaint against Talbot no later than August 15, 2011.

IT IS SO ORDERED.

Dated: August 8, 2011



DONNA M. RYU
United States Magistrate Judge

5