United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIN WAI WU, | No. C-11-01323-DMR |
|       Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND** |
|       v. | |
| Mt. HAWLEY INSURANCE, *et al.*, | |
|       Defendants. | |

    Defendant Mt. Hawley Insurance ("Mt. Hawley"), an Illinois insurance carrier, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the third, fourth, and fifth claims for relief in Plaintiff Kin Wai Wu's amended complaint. Defendants Talbot Insurance and Financial Services[1] ("Talbot"), an insurance broker in California, and Patrick Martin, one of Talbot's agents who resides in California, (together, "California Defendants"; together with Mt. Hawley, "Defendants") join in Mt. Hawley's motion. [Docket Nos. 58, 65.] Plaintiff opposes Mt. Hawley's motion and cross-moves to remand this matter to California state court. The court grants Mt. Hawley's motion to dismiss and denies Plaintiff's motion to remand.

---

[1] In October 2005, Talbot merged with Hub International and changed its name to Hub International of California Insurance Services, Inc. ("Hub"). (Am. Compl. ¶ 4.) For the purposes of this opinion, "Talbot" encompasses Hub.

## I. Background and Procedural History

Because the court is ruling on a motion to dismiss, the court will examine all facts in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). At all relevant times, Plaintiff did business under the name Associated Engineering and Construction ("AEC"), a California corporation. (Am. Compl. ¶ 1.) At some point, Plaintiff informed California Defendants that he wanted to obtain "commercial general liability insurance" for AEC. (Am. Compl. ¶ 9.) California Defendants provided him with a detailed questionnaire about his insurance needs, which he completed. (Am. Compl. ¶ 9.) On or about March 2005, Martin recommended that Plaintiff purchase a commercial general liability policy from Mt. Hawley and informed Plaintiff that the policy "was sufficient to cover claims against AEC, and would otherwise satisfy plaintiff's requests for insurance coverage." (Am. Compl. ¶ 10.) On April 28, 2005, Plaintiff purchased the recommended policy ("the Policy"). (Am. Compl. ¶¶ 10-11.)

While covered by the Policy, a complaint was filed against Plaintiff alleging negligence, negligent misrepresentation, and fraud stemming from work performed by AEC which created an asbestos hazard. (Am. Compl. ¶ 12, Ex. B at 1.[2]) Plaintiff submitted the resulting claim for legal representation to Mt. Hawley. Mt. Hawley denied the claim, stating that the Policy did not provide asbestos liability protection, pollution liability protection, and breach of contract or intentional acts coverage. (Am. Compl. ¶¶ 12-13, Ex. B. at 4-5, 9-11.) Mt. Hawley thus did not provide Plaintiff with legal representation in the litigation, and Plaintiff incurred $20,064.95 in legal fees and settled the action for $2,000.00. (Am. Compl. ¶¶ 14-15.) In September 2009, Plaintiff filed a complaint against Mt. Hawley with the California Department of Insurance. (Am. Compl. ¶ 16.) The agency informed him that it could take no action against Mt. Hawley because the company was a non-admitted insurer and not subject to California regulation. (Am. Compl. ¶ 16.)

---

[2] In ruling on a 12(b)(6) motion, a court may consider materials properly submitted as a part of the complaint, such as the two exhibits that Plaintiff attached to his amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

On February 25, 2011, Plaintiff, proceeding *pro se*, brought suit in California state court against Mt. Hawley, Paul Sirkin Insurance ("Sirkin"),[3] and Talbot. (Compl. ¶¶ 1-4.) On March 18, 2011, Mt. Hawley removed this action to Federal court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1441(a). [*See* Docket No. 1.] Soon thereafter, Talbot filed a motion to dismiss Plaintiff's claims against it. [Docket No. 20.] Plaintiff cross-moved to remand the case to state court. [Docket No. 40.] The court granted Talbot's motion to dismiss, denied Plaintiff's motion to remand, and granted Plaintiff, who had recently retained counsel, leave to file an amended complaint. [Docket No. 49.] Plaintiff filed his amended complaint on August 15, 2011. [Docket No. 52.] Mt. Hawley now moves to dismiss Plaintiff's Third, Fourth, and Fifth claims for relief, and Plaintiff again moves to remand the action to state court.

## II. Mt. Hawley's Motion to Dismiss

### A. Applicable Law

When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

### B. Analysis

Defendants attack three of the five claims in Plaintiff's amended complaint: (1) Breach of Fiduciary Duty as to Talbot and Martin, (2) Negligence as to Talbot and Martin, and (3) Negligent Misrepresentation as to Talbot and Martin. (*See* Am. Compl. ¶¶ 35-51.) After outlining the general duties that an insurance agent or broker owes a client under California law, the court will address each contested claim in turn.

---

[3] Plaintiff and Sirkin filed a stipulation of dismissal of his claims against Sirkin on July 14, 2011. [Docket No. 41.]

**1. The General Duties of an Insurance Agent or Broker in California**

The duties that an insurance agent or broker has toward its client are "those duties found in any agency relationship," such as "reasonable care, diligence, and judgment in procuring the insurance requested by [the] insured." *Dairy Am., Inc. v. N.Y. Marine & Gen. Ins. Co.*, No. 07-0537 LJO, 2010 WL 1328740, at *7 (E.D. Cal. Apr. 1, 2010) (citation and quotation marks omitted); *accord Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (1987). A broker or agent generally need not "volunteer that an insured should obtain different or additional insurance coverage" or "procure a policy affording the client complete liability protection." *Dairy Am., Inc.*, 2010 WL 1328740, at *7-8 (citations and quotation marks omitted); *accord Workmen's Auto Ins. Co. v. Guy Carpenter & Co.*, 194 Cal. App. 4th 1468, 1476-77 (2011); *Jones*, 189 Cal. App. 3d at 956 ("[A]n insured's request for 'sufficient coverage' and an agent's assurance that the policy provided 'adequate' coverage do not . . . imply an expanded principal-agent relationship. Such an exchange usually occurs within the context of the general principal-agent relationship. Purchasers of insurance generally seek 'sufficient coverage.'" (citations and quotation marks omitted)). Moreover, mere allegations that the insured had a continuing business relationship with an insurance agent or broker, and that he followed the agent or broker's advice does not give rise to a greater duty. *Dairy Am., Inc.*, 2010 WL 1328740, at *8 (citation and quotation marks omitted); *accord Jones*, 189 Cal. App. 3d at 956. The insured bears responsibility for informing his agent or broker what insurance he desires, "including the limitations of the policy to be issued." *Dairy Am., Inc.*, 2010 WL 1328740, at *8 (citation and quotation marks omitted); *accord Piper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1095-96 (1996) (holding that broker's duties do "not include responsibility for ensuring the insured has adequate coverage to protect against all eventualities"); *Jones*, 189 Cal. App. 3d at 956.

**2. Breach of Fiduciary Duty**

Plaintiff contends that California Defendants breached their fiduciary duty to him because "as plaintiff's agent," they had a duty to disclose to him that the Policy was "not . . . sufficient coverage for AEC and the type of business operations of said company" and "that the California Department of Insurance did not have jurisdiction over MT. HAWLEY as it was a non-admitted carrier in the state of California." (Am. Compl. ¶ 37; *accord* Am. Compl ¶ 38.)

These assertions do not present a cognizable legal theory upon which the court may grant relief. Under California law, "an insurance broker cannot be sued for breach of fiduciary duty." *Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1470; *accord Miniace v. Pac. Mar. Ass'n*, No. C-04-3506 SI, 2005 WL 2230149, at *10 (N.D. Cal. Sept. 13, 2005) ("This Court will not expand the doctrine of fiduciary duty to include insurance brokers, given that it has not been recognized by California courts."). The court therefore dismisses Plaintiff's Third Cause of Action.

### 3. Negligence

Plaintiff claims that California Defendants negligently failed to "ascertain[] whether the policy issued was adequate for plaintiff's stated business needs" and negligently "failed to conduct a reasonably competent and diligent review of MT. HAWLEY's status as an out of state insurance carrier." (Am. Compl. ¶ 44.) This claim fails because Plaintiff has not alleged sufficient facts to support a claim for negligence.

In California, a negligence claim must allege "(1) the defendant's legal duty of care towards the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff as a proximate cause result of the breach, and (4) damage to the plaintiff." *Jones*, 189 Cal. App. 3d at 954 (citation omitted). In rare instances, an insurance broker or agent may augment his duties to the insured if one of the following occurs:

> (a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided . . . , (b) there is a request or inquiry by the insured for a particular type or extent of coverage . . . , or (c) the agent assumes an additional duty by either express agreement or by holding himself out as having expertise in a given field of insurance being sought by the insured.

*Dairy Am, Inc.*, 2010 WL 1328740, at *7 (citations and quotation marks omitted); *accord Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1476. In this matter, Plaintiff implicitly alleged only one of these events. He asked California Defendants to provide him with a "commercial general liability insurance" policy (Am. Compl. ¶ 9), and as Plaintiff notes in his amended complaint, they fulfilled this duty and provided him with one. (*See* Am. Compl. Ex. A at 1-3.)

Plaintiff's argument that California Defendants negligently provided him with an inadequate policy does not satisfy the first prong of a negligence claim. As discussed above, he requested a commercial general liability insurance policy and received just that. (Am. Compl. ¶ 9, Ex. A at 1-3.)

5

California Defendants had no legal duty to provide him with an insurance policy that offered complete liability protection, particularly when he expressly requested the type of policy that he received. *Dairy Am., Inc.*, 2010 WL 1328740, at *7-8 (holding that insured bears responsibility of informing agent or broker what insurance he desires, "including the limitations of the policy to be issued"); *Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1476-77; *Piper Savers, Inc.*, 51 Cal. App. 4th at 1095-96 (holding that broker's duties do "not include responsibility for ensuring the insured has adequate coverage to protect against all eventualities"); *Jones*, 189 Cal. App. 3d at 956.

With respect to Plaintiff's contention that California Defendants acted negligently by not "conduct[ing] a reasonably competent and diligent review of MT. HAWLEY's status as an out of state insurance carrier" (Am. Compl. ¶ 37), it is unclear how or if this supposed duty differs from the standard duty of care required in any insurance transaction. *See Dairy Am., Inc.*, 2010 WL 1338740, at *7. Based upon the facts alleged in the amended complaint, which center on Mt. Hawley's refusal to provide Plaintiff coverage based upon the Policy's terms (*see* Am. Compl. Ex. B), Plaintiff's negligence claim also does not satisfy prongs three and four of the test. He does not allege that California Defendants' purported failure to review Mt. Hawley's out of state status proximately caused him injury. Nor has he pled "factual content that allows the court to draw the reasonable inference" that California Defendants' failure to review Mt. Hawley's out-of-state status injured him. *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Moreover, to the extent that Plaintiff argues in his brief that his ignorance of Mt. Hawley's out of state status -- or that Mt. Hawley's status *per se* -- injured him, these allegations are not in the amended complaint and, therefore, not properly before the court. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Because Plaintiff has failed to state a proper claim for negligence, the court dismisses the claim.

### 4. Negligent Misrepresentation

Plaintiff claims that California Defendants negligently misrepresented to him "that they had conducted a competent and diligent investigation regarding an appropriate insurance policy for [his] business and advised [him] to purchase" the Policy. (Am. Compl. ¶ 48.) Specifically, he asserts that, contrary to California Defendants' representations, the Policy did not adequately cover his

6

business needs and that they should have informed him of the "complete ramifications for obtaining insurance from an out of state carrier." (Am. Compl. ¶ 48.)

This claim lacks sufficient alleged facts to support a cognizable legal theory and does not meet the heightened pleading standards required for claims of fraud by Federal Rule of Civil Procedure 9(b). In California, negligent misrepresentation requires "(1) a misrepresentation, (2) with no reasonable ground to believe it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Dairy Am., Inc.*, 2010 WL 1328740, at *11 (citation omitted). California law treats negligent misrepresentation as a form of fraud. *Dykstra v. Foremost Ins. Co.*, 14 Cal. App. 4th 361, 366 (1993). Accordingly, the pleading standard for the claim falls within the ambit of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). This heightened pleading standard demands that "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth *more* than the neutral facts necessary to identify the transaction." *Kearns*, 567 F.3d at 1124 (citations omitted).

Plaintiff fails to explain with particularity the misrepresentation that he claims California Defendants made to him. As Plaintiff concedes, they provided him the insurance policy he demanded -- a commercial general insurance liability policy. (*See* Am. Compl. ¶ 9, Ex. A at 1-3.) He also admits that California Defendants gave him a detailed questionnaire about his insurance needs, which he duly completed (Am. Compl. ¶ 9), but never contends that California Defendants acted contrary to the needs he expressed therein. Nor does he allege that he asked for a broader policy that offered asbestos, pollution, breach of contract, or intentional tort coverage. He also does not assert that California Defendants falsely informed him that the Policy covered such areas or that they dissuaded him from purchasing a policy that did. Instead, he repeats the vague allegations that the Policy did not cover any potential liability that he might face and that California Defendants

1 should have informed him of the effects of Mt. Hawley's being an out-of-state insurance provider.
2 Because his negligent misrepresentation claim lacks sufficient facts alleged to support a cognizable
3 legal theory and falls short of the pleading standard mandated by Rule 9(b), the court dismisses the
4 claim.

### III. Motion to Remand

#### A. Applicable Law

A federal court must remand a case to state court if there is any doubt about the propriety of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because there exists a presumption against removal, the defendant bears the burden of establishing that propriety. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When evaluating the validity of removal, courts generally may not look beyond the plaintiff's pleadings and must resolve disputed questions of fact in favor of the plaintiff. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936); *Fannie Mae v. Lopez*, No. 11-CV-757 LJO, 2011 WL 4929548, at *2 (E.D. Cal. Oct. 17, 2011) (citing *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir.2008)).

#### B. Analysis

Plaintiff contends that Defendants are all "necessary parties" to this action and that the case therefore should return to state court because this Court lacks subject matter jurisdiction. (Pl. Mot. Remand 3.) This assertion lacks merit. The court already has determined that it must dismiss Plaintiff's Third, Fourth, and Fifth causes of action for failing to state a claim upon which relief may be granted. These three claims are the only claims that Plaintiff has asserted against California Defendants. (*See generally* Am. Compl.) Thus, California Defendants are no longer a part of this case. As the matter presently stands, only Plaintiff and Mt. Hawley remain, and diversity exists between them. *Wisc. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff's motion to remand for lack of diversity jurisdiction is denied.

### IV. Conclusion

The court hereby GRANTS Mt. Hawley's motion to dismiss and DENIES Plaintiff's motion to remand. The court further ORDERS the Third, Fourth and Fifth claims in Plaintiff's amended

complaint DISMISSED. Because Plaintiff pointed to other potential causes of action in his papers, the court GRANTS him until November 10, 2011 to move for leave to amend his complaint.

IT IS SO ORDERED.

Dated: October 27, 2011



DONNA M. RYU
United States Magistrate Judge

9