1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11   KIN WAI WU,                                No. C-11-01323-DMR

12          Plaintiff,                          **ORDER GRANTING DEFENDANT'S**
                                                **MOTION TO DISMISS AND DENYING**
13       v.                                     **PLAINTIFF'S MOTION TO REMAND**

14   Mt. HAWLEY INSURANCE, *et al.*,

15          Defendants.
     _____/
16

17          Defendant Mt. Hawley Insurance ("Mt. Hawley"), an Illinois insurance carrier, moves

18   pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the third, fourth, and fifth claims for

19   relief in Plaintiff Kin Wai Wu's amended complaint.  Defendants Talbot Insurance and Financial

20   Services[1] ("Talbot"), an insurance broker in California, and Patrick Martin, one of Talbot's agents

21   who resides in California, (together, "California Defendants"; together with Mt. Hawley,

22   "Defendants") join in Mt. Hawley's motion.  [Docket Nos. 58, 65.]  Plaintiff opposes Mt. Hawley's

23   motion and cross-moves to remand this matter to California state court.  The court grants Mt.

24   Hawley's motion to dismiss and denies Plaintiff's motion to remand.

25

26

27
     _____
28          [1] In October 2005, Talbot merged with Hub International and changed its name to Hub International
     of California Insurance Services, Inc. ("Hub").  (Am. Compl. ¶ 4.)  For the purposes of this opinion, "Talbot"
     encompasses Hub.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. Background and Procedural History

Because the court is ruling on a motion to dismiss, the court will examine all facts in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  At all relevant times, Plaintiff did business under the name Associated Engineering and Construction ("AEC"), a California corporation.  (Am. Compl. ¶ 1.)  At some point, Plaintiff informed California Defendants that he wanted to obtain "commercial general liability insurance" for AEC.  (Am. Compl. ¶ 9.)  California Defendants provided him with a detailed questionnaire about his insurance needs, which he completed.  (Am. Compl. ¶ 9.)  On or about March 2005, Martin recommended that Plaintiff purchase a commercial general liability policy from Mt. Hawley and informed Plaintiff that the policy "was sufficient to cover claims against AEC, and would otherwise satisfy plaintiff's requests for insurance coverage."  (Am. Compl. ¶ 10.)  On April 28, 2005, Plaintiff purchased the recommended policy ("the Policy").  (Am. Compl. ¶¶ 10-11.)

While covered by the Policy, a complaint was filed against Plaintiff alleging negligence, negligent misrepresentation, and fraud stemming from work performed by AEC which created an asbestos hazard.  (Am. Compl. ¶ 12, Ex. B at 1.[2])  Plaintiff submitted the resulting claim for legal representation to Mt. Hawley.  Mt. Hawley denied the claim, stating that the Policy did not provide asbestos liability protection, pollution liability protection, and breach of contract or intentional acts coverage.  (Am. Compl. ¶¶ 12-13, Ex. B. at 4-5, 9-11.)  Mt. Hawley thus did not provide Plaintiff with legal representation in the litigation, and Plaintiff incurred $20,064.95 in legal fees and settled the action for $2,000.00.  (Am. Compl. ¶¶ 14-15.)  In September 2009, Plaintiff filed a complaint against Mt. Hawley with the California Department of Insurance.  (Am. Compl. ¶ 16.)  The agency informed him that it could take no action against Mt. Hawley because the company was a non-admitted insurer and not subject to California regulation.  (Am. Compl. ¶ 16.)

---

[2] In ruling on a 12(b)(6) motion, a court may consider materials properly submitted as a part of the complaint, such as the two exhibits that Plaintiff attached to his amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

On February 25, 2011, Plaintiff, proceeding *pro se*, brought suit in California state court against Mt. Hawley, Paul Sirkin Insurance ("Sirkin"),[3] and Talbot.  (Compl. ¶¶ 1-4.)  On March 18, 2011, Mt. Hawley removed this action to Federal court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).  [*See* Docket No. 1.]  Soon thereafter, Talbot filed a motion to dismiss Plaintiff's claims against it.  [Docket No. 20.]  Plaintiff cross-moved to remand the case to state court.  [Docket No. 40.]  The court granted Talbot's motion to dismiss, denied Plaintiff's motion to remand, and granted Plaintiff, who had recently retained counsel, leave to file an amended complaint.  [Docket No. 49.]  Plaintiff filed his amended complaint on August 15, 2011.  [Docket No. 52.]  Mt. Hawley now moves to dismiss Plaintiff's Third, Fourth, and Fifth claims for relief, and Plaintiff again moves to remand the action to state court.

## II. Mt. Hawley's Motion to Dismiss

### A. Applicable Law

When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

### B. Analysis

Defendants attack three of the five claims in Plaintiff's amended complaint: (1) Breach of Fiduciary Duty as to Talbot and Martin, (2) Negligence as to Talbot and Martin, and (3) Negligent Misrepresentation as to Talbot and Martin.  (*See* Am. Compl. ¶¶ 35-51.)  After outlining the general duties that an insurance agent or broker owes a client under California law, the court will address each contested claim in turn.

---

[3] Plaintiff and Sirkin filed a stipulation of dismissal of his claims against Sirkin on July 14, 2011. [Docket No. 41.]

3

**United States District Court**
For the Northern District of California

### 1. The General Duties of an Insurance Agent or Broker in California

The duties that an insurance agent or broker has toward its client are "those duties found in any agency relationship," such as "reasonable care, diligence, and judgment in procuring the insurance requested by [the] insured." *Dairy Am., Inc. v. N.Y. Marine & Gen. Ins. Co.*, No. 07-0537 LJO, 2010 WL 1328740, at *7 (E.D. Cal. Apr. 1, 2010) (citation and quotation marks omitted); *accord Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (1987). A broker or agent generally need not "volunteer that an insured should obtain different or additional insurance coverage" or "procure a policy affording the client complete liability protection." *Dairy Am., Inc.*, 2010 WL 1328740, at *7-8 (citations and quotation marks omitted); *accord Workmen's Auto Ins. Co. v. Guy Carpenter & Co.*, 194 Cal. App. 4th 1468, 1476-77 (2011); *Jones*, 189 Cal. App. 3d at 956 ("[A]n insured's request for 'sufficient coverage' and an agent's assurance that the policy provided 'adequate' coverage do not . . . imply an expanded principal-agent relationship. Such an exchange usually occurs within the context of the general principal-agent relationship. Purchasers of insurance generally seek 'sufficient coverage.'" (citations and quotation marks omitted)). Moreover, mere allegations that the insured had a continuing business relationship with an insurance agent or broker, and that he followed the agent or broker's advice does not give rise to a greater duty. *Dairy Am., Inc.*, 2010 WL 1328740, at *8 (citation and quotation marks omitted); *accord Jones*, 189 Cal. App. 3d at 956. The insured bears responsibility for informing his agent or broker what insurance he desires, "including the limitations of the policy to be issued." *Dairy Am., Inc.*, 2010 WL 1328740, at *8 (citation and quotation marks omitted); *accord Piper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1095-96 (1996) (holding that broker's duties do "not include responsibility for ensuring the insured has adequate coverage to protect against all eventualities"); *Jones*, 189 Cal. App. 3d at 956.

### 2. Breach of Fiduciary Duty

Plaintiff contends that California Defendants breached their fiduciary duty to him because "as plaintiff's agent," they had a duty to disclose to him that the Policy was "not . . . sufficient coverage for AEC and the type of business operations of said company" and "that the California Department of Insurance did not have jurisdiction over MT. HAWLEY as it was a non-admitted carrier in the state of California." (Am. Compl. ¶ 37; *accord* Am. Compl ¶ 38.)

**United States District Court**
For the Northern District of California

1    These assertions do not present a cognizable legal theory upon which the court may grant

2    relief.  Under California law, "an insurance broker cannot be sued for breach of fiduciary duty."

3    *Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1470; *accord Miniace v. Pac. Mar. Ass'n*, No. C-

4    04-3506 SI, 2005 WL 2230149, at *10 (N.D. Cal. Sept. 13, 2005) ("This Court will not expand the

5    doctrine of fiduciary duty to include insurance brokers, given that it has not been recognized by

6    California courts.").  The court therefore dismisses Plaintiff's Third Cause of Action.

7               **3. Negligence**

8    Plaintiff claims that California Defendants negligently failed to "ascertain[] whether the

9    policy issued was adequate for plaintiff's stated business needs" and negligently "failed to conduct a

10   reasonably competent and diligent review of MT. HAWLEY's status as an out of state insurance

11   carrier."  (Am. Compl. ¶ 44.)  This claim fails because Plaintiff has not alleged sufficient facts to

12   support a claim for negligence.

13   In California, a negligence claim must allege "(1) the defendant's legal duty of care towards

14   the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff as a proximate cause

15   result of the breach, and (4) damage to the plaintiff."  *Jones*, 189 Cal. App. 3d at 954 (citation

16   omitted).  In rare instances, an insurance broker or agent may augment his duties to the insured if

17   one of the following occurs:

18        (a) the agent misrepresents the nature, extent or scope of the coverage being offered
          or provided . . . , (b) there is a request or inquiry by the insured for a particular type
19        or extent of coverage . . . , or (c) the agent assumes an additional duty by either
          express agreement or by holding himself out as having expertise in a given field of
20        insurance being sought by the insured.

21   *Dairy Am, Inc.*, 2010 WL 1328740, at *7 (citations and quotation marks omitted); *accord*

22   *Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1476.  In this matter, Plaintiff implicitly alleged only

23   one of these events.  He asked California Defendants to provide him with a "commercial general

24   liability insurance" policy (Am. Compl. ¶ 9), and as Plaintiff notes in his amended complaint, they

25   fulfilled this duty and provided him with one.  (*See* Am. Compl. Ex. A at 1-3.)

26   Plaintiff's argument that California Defendants negligently provided him with an inadequate

27   policy does not satisfy the first prong of a negligence claim.  As discussed above, he requested a

28   commercial general liability insurance policy and received just that.  (Am. Compl. ¶ 9, Ex. A at 1-3.)

**United States District Court**
For the Northern District of California

1  California Defendants had no legal duty to provide him with an insurance policy that offered

2 complete liability protection, particularly when he expressly requested the type of policy that he

3 received. *Dairy Am., Inc.*, 2010 WL 1328740, at *7-8 (holding that insured bears responsibility of

4 informing agent or broker what insurance he desires, "including the limitations of the policy to be

5 issued"); *Workmen's Auto Ins. Co.*, 194 Cal. App. 4th at 1476-77; *Piper Savers, Inc.*, 51 Cal. App.

6 4th at 1095-96 (holding that broker's duties do "not include responsibility for ensuring the insured

7 has adequate coverage to protect against all eventualities"); *Jones*, 189 Cal. App. 3d at 956.

8        With respect to Plaintiff's contention that California Defendants acted negligently by not

9 "conduct[ing] a reasonably competent and diligent review of MT. HAWLEY's status as an out of

10 state insurance carrier" (Am. Compl. ¶ 37), it is unclear how or if this supposed duty differs from the

11 standard duty of care required in any insurance transaction. *See Dairy Am., Inc.*, 2010 WL 1338740,

12 at *7. Based upon the facts alleged in the amended complaint, which center on Mt. Hawley's refusal

13 to provide Plaintiff coverage based upon the Policy's terms (*see* Am. Compl. Ex. B), Plaintiff's

14 negligence claim also does not satisfy prongs three and four of the test.  He does not allege that

15 California Defendants' purported failure to review Mt. Hawley's out of state status proximately

16 caused him injury.  Nor has he pled "factual content that allows the court to draw the reasonable

17 inference" that California Defendants' failure to review Mt. Hawley's out-of-state status injured

18 him. *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  Moreover, to the extent that Plaintiff argues in his

19 brief that his ignorance of Mt. Hawley's out of state status -- or that Mt. Hawley's status *per se* --

20 injured him, these allegations are not in the amended complaint and, therefore, not properly before

21 the court. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 (9th Cir. 1998).  Because Plaintiff

22 has failed to state a proper claim for negligence, the court dismisses the claim.

23                **4. Negligent Misrepresentation**

24        Plaintiff claims that California Defendants negligently misrepresented to him "that they had

25 conducted a competent and diligent investigation regarding an appropriate insurance policy for [his]

26 business and advised [him] to purchase" the Policy.  (Am. Compl. ¶ 48.)  Specifically, he asserts

27 that, contrary to California Defendants' representations, the Policy did not adequately cover his

28

**United States District Court**
For the Northern District of California

1    business needs and that they should have informed him of the "complete ramifications for obtaining

2    insurance from an out of state carrier."  (Am. Compl. ¶ 48.)

3            This claim lacks sufficient alleged facts to support a cognizable legal theory and does not

4    meet the heightened pleading standards required for claims of fraud by Federal Rule of Civil

5    Procedure 9(b).  In California, negligent misrepresentation requires "(1) a misrepresentation, (2)

6    with no reasonable ground to believe it to be true, (3) with intent to induce another's reliance on the

7    misrepresentation, (4) justifiable reliance, and (5) resulting damage."  *Dairy Am., Inc.*, 2010 WL

8    1328740, at *11 (citation omitted).  California law treats negligent misrepresentation as a form of

9    fraud.  *Dykstra v. Foremost Ins. Co.*, 14 Cal. App. 4th 361, 366 (1993).  Accordingly, the pleading

10   standard for the claim falls within the ambit of Rule 9(b) of the Federal Rules of Civil Procedure,

11   which requires that "a party must state with particularity the circumstances constituting fraud or

12   mistake."  Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir.

13   2009).  This heightened pleading standard demands that "[a]verments of fraud must be accompanied

14   by the who, what, when, where, and how of the misconduct charged.  A party alleging fraud must set

15   forth *more* than the neutral facts necessary to identify the transaction."  *Kearns*, 567 F.3d at 1124

16   (citations omitted).

17           Plaintiff fails to explain with particularity the misrepresentation that he claims California

18   Defendants made to him.  As Plaintiff concedes, they provided him the insurance policy he

19   demanded -- a commercial general insurance liability policy.  (*See* Am. Compl. ¶ 9, Ex. A at 1-3.)

20   He also admits that California Defendants gave him a detailed questionnaire about his insurance

21   needs, which he duly completed (Am. Compl. ¶ 9), but never contends that California Defendants

22   acted contrary to the needs he expressed therein.  Nor does he allege that he asked for a broader

23   policy that offered asbestos, pollution, breach of contract, or intentional tort coverage.  He also does

24   not assert that California Defendants falsely informed him that the Policy covered such areas or that

25   they dissuaded him from purchasing a policy that did.  Instead, he repeats the vague allegations that

26   the Policy did not cover any potential liability that he might face and that California Defendants

27

28

7

1 | should have informed him of the effects of Mt. Hawley's being an out-of-state insurance provider.

2 | Because his negligent misrepresentation claim lacks sufficient facts alleged to support a cognizable

3 | legal theory and falls short of the pleading standard mandated by Rule 9(b), the court dismisses the

4 | claim.

**III. Motion to Remand**

6 | **A. Applicable Law**

7 | A federal court must remand a case to state court if there is any doubt about the propriety of

8 | removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because there exists a presumption

9 | against removal, the defendant bears the burden of establishing that propriety. *Moore-Thomas v.*

10 | *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When evaluating the validity of removal,

11 | courts generally may not look beyond the plaintiff's pleadings and must resolve disputed questions

12 | of fact in favor of the plaintiff. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936);

13 | *Fannie Mae v. Lopez*, No. 11-CV-757 LJO, 2011 WL 4929548, at *2 (E.D. Cal. Oct. 17, 2011)

14 | (citing *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*,

15 | 524 F.3d 1090, 1100 (9th Cir.2008)).

16 | **B. Analysis**

17 | Plaintiff contends that Defendants are all "necessary parties" to this action and that the case

18 | therefore should return to state court because this Court lacks subject matter jurisdiction. (Pl. Mot.

19 | Remand 3.) This assertion lacks merit. The court already has determined that it must dismiss

20 | Plaintiff's Third, Fourth, and Fifth causes of action for failing to state a claim upon which relief may

21 | be granted. These three claims are the only claims that Plaintiff has asserted against California

22 | Defendants. (*See generally* Am. Compl.) Thus, California Defendants are no longer a part of this

23 | case. As the matter presently stands, only Plaintiff and Mt. Hawley remain, and diversity exists

24 | between them. *Wisc. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff's motion to

25 | remand for lack of diversity jurisdiction is denied.

**IV. Conclusion**

27 | The court hereby GRANTS Mt. Hawley's motion to dismiss and DENIES Plaintiff's motion

28 | to remand. The court further ORDERS the Third, Fourth and Fifth claims in Plaintiff's amended

**United States District Court**
For the Northern District of California

1   complaint DISMISSED.  Because Plaintiff pointed to other potential causes of action in his papers,

2   the court GRANTS him until November 10, 2011 to move for leave to amend his complaint.

3

4        IT IS SO ORDERED.

5

6   Dated: October 27, 2011

7

8                                              DONNA M. RYU
                                               United States Magistrate Judge



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

9